UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.  1:09-CR-0169-WTL-KPF |
| | ) | |
| ANDREW JAY MCGRATH | ) | |
| | ) | |
| Defendant. | ) | |

## GOVERNMENT'S SENTENCING MEMORANDUM

Now comes the United States of America, by counsel, Timothy M. Morrison, United

States Attorney for the Southern District of Indiana, and A. Brant Cook, Assistant United States

Attorney, and files the following sentencing memorandum in the above-styled case.

This Memorandum will address the factors in 18 U.S.C. § 3553(a) and explain why the

sentence recommended after the correct calculation of the advisory Sentencing Guidelines is a

reasonable sentence in this case.


I.      **Introduction**

On November 17, 2009, the Defendant was charged by Indictment with twenty-four (24)

counts of Sexual Exploitation of Children (Production of Sexually Explicit Images of a Minor),

in violation of 18 U.S.C. § 2251(a), one (1) count of Obtaining Custody and Control of a Minor

to Produce Sexually Explicit Images, in violation of 18 U.S.C. § 2251A(b), and one (1) count of

Possession of Child Pornography, in violation of 18 U.S.C. § 2252(a)(4). On January 28, 2010,

the Defendant entered a plea of guilty to each of the counts of Sexual Exploitation of Children (Counts 1-24) and the count of Possession of Child Pornography (Count 26).

The Defendant faces sentencing on May 7, 2010, for his intentional, persistent sexual exploitation of four young minor girls over the course of years, as well as for his collecting of images of the sexual abuse of yet more minor girls. As discussed in detail below, the applicable Sentencing Guideline calculations and the consideration of the sentencing factors enumerated at 18 U.S.C. § 3553(a) all demonstrate the need for a significant sentence in order to protect the public from the Defendant, to reflect the seriousness of the Defendant's many offenses, and deter others who would follow the Defendant's example. In short, the only just sentence is a significant sentence, comprised of consecutive terms of imprisonment for each of the Defendant's intentional, separate criminal offenses. To that end, the United States requests that the Defendant be sentenced to a total term of imprisonment of not less than 450 years (5400 months).

## II.     The Defendant's criminal conduct and charges

The Defendant sexually abused four minor females over the course of years, documenting that abuse with the production of the image and video files named in the Indictment. The Defendant also collected and maintained a collection of child pornography from internet sources.

The Defendant's persistent pattern of abuse included twenty-four separate instances of the manipulation and sexual abuse of four very young minor females who were entrusted to his care by diligent parents who were similarly manipulated by the Defendant. The Defendant's

catalogue of the minor females engaged in sexually explicit conduct includes images depicting

lascivious exhibitions of the girls' genital and public areas, as well as videos that depict no less

than the Defendant's sexual assault of three of his victims.

The Defendant engaged in an intentional, long-term abusive course of conduct that

included the apparent planning of many of the instances of his criminal conduct days ahead of

time. The Defendant often sought out the opportunity to be granted the care of the minor victims

of his crimes, and took advantage of that opportunity to use them for his sexual gratification and

the production of images of the abuse. The Defendant's crimes were not the result of accident, or

an inability to control himself in the moment; rather, the offenses were committed, again and

again, with prior planning and intention.

Though freed from further abuse by the Defendant, the minor victims now face an

aftermath of extensive counseling in hopes of avoiding any long term consequences of the

Defendant's crimes against them. The discovery of the Defendant's long course of criminal

conduct and continual manipulation of their trust has also left the families of the minor victims in

turmoil.

With respect to the Defendant's possession of child pornography files obtained from the

internet, the files demonstrate that the Defendant's fascination with child pornography extended

to images of other children and appears to pre-date his eventual victimization of the four girls he

sexually abused. The child pornography files possessed by the Defendant depict very young

minors being subjected to sex acts. The Defendant's possession of the files is a re-victimization

of the children depicted, and is yet another example of the Defendant's vision of minors as

nothing more than objects of his sexual desires.

The government's charging of the Defendant with twenty-four counts of Sexual Exploitation of Children represents each and every instance of the Defendant's documenting of his abuse of minor girls that was discovered. The count of Possession of Child Pornography is also important as a vindication of the minors depicted there. The decision to charge each instance of the Defendant's known criminal conduct separately - rather than consolidating some instances together into a more manageable number of counts - is predicated on the principle that the Defendant should be held accountable for each and every instance that he assaulted or manipulated a child into complying with his desire to fuel his sexual fantasies, or callously collected images from the internet depicting young children being treated as sexual objects. In requesting a term of imprisonment of not less than 450 years, the government believes that the Court should act on the same principle, imposing a consecutive sentence on each count of conviction.

III.    **The Applicable Sentencing Guidelines advise an effective life sentence**

As accurately calculated in the Pre-Sentence Report, the Defendant's long list of criminal convictions in the present case results in a total offense level of 49, after an adjustment for the Defendant's acceptance of responsibility with his plea of guilty to Counts 1-24 and Count 26 of the Indictment. Even at Criminal History I, the Defendant's offense level is well in excess of offense level 43, at which the guidelines advise a sentence of imprisonment for life.

In this case, however, the total offense level of 49 actually under represents the Defendant's criminal conduct. Offenses of the Sexual Exploitation of Children are excluded from the "grouping" rules of United States Sentencing Guideline ("USSG") § 3D1.2, and are

4

accounted for separately in determining the total offense level – but only to a limited extent. Pursuant to USSG § 3D1.4, once five "units" are exceeded - and five levels added to the offense level - there are no further increases in the offense level. In this case, the Defendant's convictions for the twenty-four separate instances that he sexually exploited young minor girls amounted to 24 units - yet, by operation of USSG 3D1.4, only five levels were added to the total offense level. Though any total offense level more than 43 is, in any event, treated as offense level 43 in determining the sentence (USSG § 5A, Application Note 2), as a measure of the full impact of the Defendant's crimes it is nonetheless significant that his total offense level does not account for a large part of his conduct.

In cases where there are multiple counts of conviction and the guidelines advise life imprisonment, USSG § 5G1.2(d) applies. That subsection states that "[i]f the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment**.** In all other respects, sentences on all counts shall run concurrently, except to the extent otherwise required by law." U.S.S.G. § 5G1.2(d). Relying in large part on that subsection, the United States Seventh Circuit Court of Appeals has repeatedly upheld maximum, consecutive sentences on each of an offender's counts of conviction - even when the resulting sentence well exceeded the life span of the offender - where the advisory guidelines range was life imprisonment. *United States v. Thompson*, 523 F.3d 806, 814 (7th Cir. 2008); *United States v. Veysey*, 334 F.3d 600, 602 (7th Cir. 2003). In fact, any sentence that falls within a properly calculated guidelines range is presumptively reasonable. *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005).

In the instant case, the applicable guideline of life imprisonment means that the Defendant's guideline sentence is 730 years - the maximum sentence on each of the counts of conviction, run consecutively. The government respectfully submits that, in appropriate deference to the guidelines, if the Court elects not to sentence the Defendant to 730 years of imprisonment, the Court should order that whatever terms of imprisonment are imposed on each count are to be run consecutive to one another. The government again suggests that any sentence of imprisonment be not less than 450 years.

**IV.    The Sentencing Factors enumerated in 18 U.S.C. § 3553(a) demonstrate that the Defendant should be sentenced to a term of imprisonment not less than 450 years**

In determining a just sentence, the Court is directed by statute to consider a number of factors. 18 U.S.C. § 3553(a). The first factor to consider is the nature and circumstances of the offenses and the history and characteristics of the Defendant. 18 U.S.C. § 3553(a)(1). Each of these points strongly suggests that the Defendant should receive a very lengthy sentence. The Defendant engaged in the serial sexual exploitation of minor girls over the course of years, from as early as 2005 through late August 2009, only a few weeks before his apprehension finally ended his continual abuse of multiple minor girls. The Defendant manipulated the parents and other caregivers of the children during this long time period, and violated their trust to a degree that is difficult to contemplate when he sexually exploited (in some instances, sexually assaulted) the minor girls. During this same time period the Defendant also amassed a large collection of child pornography, both what he produced and saved, as well as what he collected from the internet.

6

In this case, the Court is afforded an unusually high degree of insight into the nature and circumstances of the Defendant's offenses and the history and characteristics of the Defendant. The Court can actually see and hear in the videos of sexual abuse produced by the Defendant his callous, despicable treatment of minors over the course of the years in which he produced the videos. The image files produced by the Defendant on more than a dozen occasions similarly testify to his offenses and to his characteristics. The Court has also received a large number of victim impact and other statements from individuals who are very familiar with the Defendant, shedding even more light on his character and the impact of his offenses. A fair review of all of these sources demonstrates with stark clarity that the Defendant must be sentenced to a significant prison term well in excess of his life span.

The sentence ultimately imposed on the Defendant must reflect the seriousness of his offense, promote respect for the law, and provide a just punishment for the offense. 18 U.S.C. § 3553(a)(2)(A). There can be no question that the Defendant's offenses, both in their character and in their frequency and repetition, are among the most serious under the law. The Court is well aware of the tender age of all of the victims, and the nature of the images and videos the Defendant produced has been previously discussed. The government asserts that the seriousness of the Defendant's offenses necessitates that the Defendant be sentenced to a significant prison term well in excess of his life span in order to promote respect for the law and to provide a just punishment.

The sentence ultimately imposed on the Defendant must also afford adequate deterrence to criminal conduct of this nature, and protect the public from further crimes of the Defendant. 18 U.S.C. § 3553(a)(2)(B) and (C). It is clear from the nature and circumstances of the

Defendant's offenses that he was obsessively focused on fueling his sexual fantasies by serially sexually exploiting children. There is no reason to believe that the Defendant would ever abandon this acting out of his fantasies, as he engaged in seeking out opportunities to do so for years and was only stopped upon his arrest. The public can only be adequately protected from the Defendant with his imprisonment for the rest of his life. Similarly, the public can only be protected from like-minded individuals (and those individuals adequately deterred from acting on such an all-consuming obsession) with a significant sentence that demonstrates the Court's willingness to deliver an appropriate punishment.

Finally, a sentence comprised of consecutive terms of imprisonment on each count of conviction would be consistent with sentences issued to offenders with similar conduct and with similar records in this District. In *United States of America v. Mark Armstrong*, 4:09-CR-12-DFH-MGN, the defendant ("Armstrong") was convicted of three counts of Sexual Exploitation of Children, in violation of 18 U.S.C. § 2251(a), for his production of images of sexually explicit conduct of two minor males similar in age to the victims in the instant case. Similar to the Defendant in the instant case, Armstrong's total offense level resulted in an advisory guideline sentence of life imprisonment, despite his lack of a criminal record. On November 23, 2009, Chief Judge David F. Hamilton (since confirmed to the United States Seventh Circuit Court of Appeals) sentenced Armstrong to a total term of imprisonment of 75 years, issuing a sentence of 25 years on each count of conviction and running each count consecutive. The sentence was not appealed due to an appeal waiver in the plea agreement.

8

In *United States of America v. Dick Noel*, 1:06-cr-17-JDT-KPF, the defendant ("Noel") was convicted of three counts of Sexual Exploitation of Children, in violation of 18 U.S.C. § 2251(a), for his production of images of a young minor male engaged in sexually explicit conduct, and for Possession of Child Pornography, in violation of 18 U.S.C. § 2252(a)(4). Noel was a relative of the minor victim, and produced the sexually explicit images at times he had access to the child while babysitting. Noel's possession of child pornography conviction was for the images he produced, as well as images he collected from the internet. Similar to the Defendant in the instant case, Noel's total offense level resulted in an advisory guideline sentence of life imprisonment, despite his lack of a criminal record. On June 1, 2007, Judge John D. Tinder (since confirmed to the United States Seventh Circuit Court of Appeals) sentenced Noel to a total prison term of 80 years, issuing a sentence of 25 years on each of the three counts of Sexual Exploitation of Children and 5 years on the count of Possession of Child Pornography, all consecutive to one another. The sentence was affirmed as reasonable on appeal. *United States v. Noel*, 581 F.3d 490 (7th Cir. 2009).

The government is seeking a total sentence well in excess of those issued on the above cases, but entirely consistent with the manner in which those sentences were calculated. Just as in the above cases, the government is seeking a sentence comprised of consecutive sentences for each of the serious violations of the law committed by the Defendant. To do less is to allow the Defendant to escape responsibility for an occasion of the sexual exploitation of a child, for the deepening of her trauma at his hands, and yet another instance of his manipulation and breaking of trust with her parents and caregivers.

**V.      Calculating the Total Prison Sentence**

The government suggests that the defendant be sentenced to terms of imprisonment as follows, with all counts to be run consecutive to one another:

a.      **Not less than 25 years each on Counts 5, 6, 8, 11, 12, 17, 18, 24 (Sexual Exploitation of Children):**

- Each of these counts of conviction contains at least one video file in which the Defendant subjects the child depicted to a sexual assault, either by force or by engaging in sexual acts with the child while she is asleep or feigning sleep in fear of him.

b.      **Not less than 15 years each on Counts 1-4, 7, 9, 10,13-16, 19-23 (Sexual Exploitation of Children):**

- Each of these counts of conviction contains multiple images of the young minor victims directed by the Defendant to pose in a lascivious exhibition of their genitals or pubic areas.

c.      **10 years on Count 26 (Possession of Child Pornography):**

- This count relates to the Defendant's keeping of a catalogue of the sexually explicit images he produced of the child victims, as well as his large collection of child pornography amassed from the internet.

VI.      **Conclusion**

In conclusion, the Government respectfully requests that the Court consider the

applicable guidelines and the factors of 18 U.S.C. § 3553, including the nature and

circumstances of the offense, the history and circumstances of the defendant, the need for the

sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to

provide just punishment, to afford adequate deterrence, and to protect against further crimes of

the defendant, and in so doing, sentence the defendant to not less than 450 years imprisonment.

Respectfully submitted,

TIMOTHY M. MORRISON
United States Attorney

By:      /s/ A. Brant Cook
         A. Brant Cook
         Assistant United States Attorney
         Office of the United States Attorney
         10 W. Market St., Suite 2100
         Indianapolis, Indiana 46204-3048
         Telephone: (317) 226-6333
         Fax: (317) 226-6125

CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2010, a copy of the foregoing Government's

Sentencing Memorandum was filed electronically.  Notice of this filing will be sent to the

following parties by operation of the Court's electronic filing system.  Parties may access this

filing through the Court's system.

William Marsh
Counsel for Defendant
Indiana Federal Community Defenders
bill.marsh@fd.org

By:   S/ A. Brant Cook
A. Brant Cook